61,390-01

IN THE COURT OF CRIMINAL APPEALS

OF TEXAS

TRIAL COURT CAUSE No. 007-0396-03
TRIAL COURT WRIT No. 007-0396-03-B


EX PARTE

WILLIE RAY


| MOTION FOR LEAVE TO PRESENT |
| "WRIT OF ERROR CORAM NOBIS |
| WITH MEMORANDUM IN SUPPORT" |

**MOTION DENIED**
**DATE:** 9-17-15
**BY:** PC

RECEIVED IN
COURT OF CRIMINAL APPEALS

AUG 19 2015

Abel Acosta, Clerk

IN THE COURT OF CRIMINAL APPEALS

OF TEXAS

TRIAL COURT CAUSE No. 007-0396-03

TRIAL COURT WRIT No. 007-0396-03-B


EX PARTE

WILLIE RAY

---

## MOTION FOR LEAVE TO PRESENT "WRIT OF ERROR CORAM NOBIS" WITH MEMORANDUM IN SUPPORT

---

TO THE HONORABLE JUDGES OF SAID COURT:

COMES NOW, WILLIE RAY, PRO SE MOVANT, IN THE ABOVE CAPTIONED AND NUMBERED CAUSES, AND WOULD RESPECTFULLY REQUEST LEAVE TO PRESENT HIS "WRIT OF ERROR CORAM NOBIS" WITH MEMORANDUM IN SUPPORT; AND WOULD OFFER THE FOLLOWING:

I.
JURISDICTION

THIS COURT HAS THE JURISDICTIONAL AUTHORITY TO HEAR AND CONSIDER HIS INSTANT WRIT PURSUANT TO THE "ALL WRITS ACT 28 U.S.C. §1651(a)."

II.
STATEMENT OF FACTS

THE SMITH COUNTY DISTRICT CLERK RECORDS IDENTIFIES; "THE MOVANT FILED HIS INSTANT WRIT WITH THE COURT WITH MEMORANDUM AND EXHIBITS MARCH 27,2015 , [SEE ACCOMPANYING "WRIT OF ERROR CORAM NOBIS WITH MEMORANDUM AND ATTACHED EX-HIBITS].

THE CLERKS RECORDS FURTHER IDENTIFIES THAT THE CLERK OF SMITH COUNTY, FORWARDED THE WRIT TO THIS "COURT OF CRIMINAL APPEALS," APRIL 08,2015, [SEE EXHIBIT-1 ATTACHMENT]

THE CLERK'S RECORDS FOR THE COURT OF CRIMINAL APPEALS CLERK,"ABEL ACOSTA", IDENTIFIES, JULY 7,2015, THAT, "THE ONLY WRIT EVER RECEIVED BY THIS COURT WAS, 'WRIT No. WR-61-390-04'", AN ART. §11.07 APPLICATION. THAT NO "WRIT OF CORAM NOBIS," WAS EVER RECEIVED BY THE COURT OF CRIMINAL APPEALS CLERK AT ANY TIME BEFORE OR AFTER APRIL 08,2015 AS ATTACHMENT EXHIBIT-1 IDENTIFIES TO THE MOVANT, THAT THE SMITH COUNTY CLERK, LOIS ROGERS, FALSELY PURPORTS ON A STATE GOVERNMENTAL DOCUMENT.

ARGUMENTS:

THE MOVANT ARGUES THAT, THIS COURT SHOULD CONSTRUE THE SMITH COUNTY CLERK AS "INENTIONALLY, KNOWINGLY,WILLINGLY OR RECKLESSLY"ATTEMPTING TO MISLEAD AND CAUSE INJURY TO THE MOVANT BY STATING THAT SHE HAS PERFORMED AN ACT THAT SHE HAS NO INTENTION ON PERFORMING (FORWARDING THE WRIT TO THE COURT OF CRIMINAL APPEALS), SO THAT THE MOVANT MAY RECEIVE THE RELIEF HE IS ENTITLED UNDER THE PROVISIONS OF THE ALL WRITS ACT. AS WELL AS A COMPLETE DISREGARD FOR HER PUBLIC SERVICE DUTIES AND OATH AS A CLERK, UNDER THE CONSTITUTION.

THIS HONORABLE COURT SHOULD TAKE INTO CONSIDERATION THAT, ON JULY 14, 2015, THE MOVANT AS WELL FILED A MOTION TO 7th JUDICIAL DISTRICT COURT OF SMITH COUNTY, TEXAS (i.e. A MOTION TO COMPEL THE CLERK TO PERFORM DUTIES AND DELIVER THE WRIT TO THE COURT OF CRIMINAL APPEALS AS SHE INDICATED SHE DID). HOWEVER, THE 7tH JUDICIAL DISTRICT COURT REFUSES TO RESPOND TO THE MOTION PRESENTED, WHICH THE MOVANT HAS A GOODFAITH REASON TO BELIEVE THE COURT IS ATTEMPTING TO AID AND ASSIST THE BADFAITH CONDUCT OF THE CLERK, BASED ON THE REASONABLE FACTS AS DISCLOSED TO THIS COURT HEREIN.

WHEREFORE, WITH THE FACTS AND EVIDENCE PRESENTED BEING FIRMLY ESTABLISHED ON THE FACE OF THE RECORD, THE MOVANT "WILLIE RAY" WOULD PRAY AND URGE THIS

2

GRANT HIS INSTANT MOTION IN THE INTEREST THAT JUSTICE BE SERVED.

AND WOULD FURTHER MOVE THIS COURT , "HOLD THE CLERK AND THE DISTRICT COURT IN CONTEMPT OF THEIR DUTIES UNDER THE PROVISIONS OF 18 U.S.C.§1501." IN VIOLATION OF THE "PRESUMPTION OF THEIR PUBLIC SERVICE DUTIES AND OATHS," AND ACCEPT JURISDICTION OF HIS WRIT.

RESPECTFULLY SUBMITTED
WILLIE RAY #1210691
POWLEDGE UNIT
1400 FM 3452
PALESTINE TX. 75803

## DECLARATION OF SERVICE

I, WILLIE RAY #1210691, DO HEREBY DECLARE THAT THE FOREGOING MOTION AND ACCOMPANYING "WRIT OF ERROR CORAM NOBIS WITH MEMORANDUM AND EXHIBITS," HAS BEEN SENT TO THE FOLLOWING ON THE FOLLOWING DATE, BY PLACING THE SAME IN THE INTERNAL MAIL SYSTEM OF THE TDCJ-CID/POWLEDGE UNIT MAIL:

COURT OF CRIMINAL APPEALS OF TEXAS
P.O. BOX. 12548
CAPITAL STATION
AUSTIN TX. 78711

AUGUST 14 , 2015

DECLARANT
WILLIE RAY #1210691

CC FILE

3

EXHIBIT-1



# Lois Rogers
## Smith County District Clerk

Smith County Courthouse
100 N. Broadway, Room 204
Tyler, Texas 75702

(903) 590-1675
Fax (903)590-16613
TTY/TDD (903) 535-0675

April 08, 2015

WILLIE RAY
Powledge Unit #1210691
1400 Fm 3452
Palestine, Texas 75803

Re:     Cause No.:  007-0396-03-B

Your Writ of CORM NOBIS has been <u>not processed</u>. It is this day being forwarded to the Court of Criminal Appeals in Austin.

This letter should be kept with your records.

Sincerely,

Lois Rogers, Smith County District Clerk

By: _____
     Linda Ruth Rhymes, Deputy

# Table of Contents
# WRIT OF CORAM NOBIS
# EX PARTE: WILLIE RAY
**Volume 1 OF 1**
**Cause No. 007-0396-03**
**WRIT NO: 007-0396-03-B**

| | | |
|---|---|---|
| 1. | WRIT OF CORAM NOBIS 03-27-15 | 1 |
| 2. | INDICTMENT 03-06-03 | 28 |
| 3. | JUDGMENT 09-11-03 | 30 |
| 5. | PLEA PAPER 09-11-03 | 32 |
| 6. | LETTER TO DEFENDANT WRIT BEING SENT TO CRIMINAL COA 04-08-15 | 33 |
| 7. | WIAVER OF SERVICE TO DISTRICT ATTORNEY 03-27-15 | 34 |
| 8. | RECIEPT FOR COPY OF WRIT TO DISTRICT ATTORNEY 03-27-15 | 35 |
| 9. | CRIMINAL DOCKET SHEET | 36 |

**Application for Writ of CORAM NOBIS
From Smith County**

Ex Parte  WILLIE RAY
(Name of Applicant)

7th  Judicial District Court

TRIAL COURT WRIT NO. 007-0396-03-B

CLERK'S SUMMARY SHEET

**Applicant's Name :**    WILLIE RAY
(As reflected on the Judgment)

**Offense:**     AGG ASSAULT CAUSES SBI
(As reflected on the Judgment)

**Cause No:**       007-0396-03
(As reflected on Judgment)

**Plea:**       Guilty
(As reflected on Judgment)

**Sentence:**         45 Years 00 / Texas Department of Criminal Justice
(Terms if years reflected in Judgment)

**Trial Date:** 09/11/03
(Date upon which sentence was imposed)

**Judge's Name:** KERRY L. RUSSELL
(Judge presiding at trial)

**Appeal No:**        12-12-00420-CR
(If applicable)

**Citation to Opinion:**        NAS.W.3d NA
(If applicable)

**Hearing Held:**  NO
(Pertaining to the application for writ)

**Findings and Conclusions Filed:**
  NONE
_____YES_____NO
**Recommendation:**         NA
(Trial court's recommendation regarding application for writ of habeas corpus)

**Judge's Name:** KERRY RUSSELL
(Judge presiding over habeas proceedings)

**NAME OF COUNSEL _____NONE_____**
(If Applicant is Represented by Counsel)

FILED
LOIS ROGERS
DISTRICT CLERK

2015 MAR 27 AM 11: 12

SMITH COUNTY, TEXAS
BY _____ DEPUTY

IN THE COURT OF CRIMINAL APPEALS
OF TEXAS

STATE OF TEXAS

v.

WILLIE RAY

CAUSE NO. 007-0396-03

IN THE 7TH JUDICIAL DISTRICT COURT

FOR SMITH COUNTY, TEXAS

MOTION FOR LEAVE TO FILE A WRIT OF CORAM NOBIS
WITH MEMORANDUM IN SUPPORT
IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS, TYLER DIVISION

TO THE HONORABLE JUSTICES OF SAID COURT:

COMES NOW, WILLIE RAY, PRO SE MOVANT, IN THE ABOVE ENTITLED CAUSE, AND WOULD RESPECTFULLY MOVE THIS HONORABLE COURT ALLOW HIM TO FILE HIS MOTION FOR WRIT OF CORAM NOBIS WITH THE FEDERAL DISTRICT COURT, PURSUANT TO THE ALL WRITS ACT 28 U.S.C. §1651(a). THE MOVANT SEEKS PERMISSION IN THE INTEREST THAT JUSTICE BE PROPERLY SERVED IN HIS INSTANT CASE.

_March 23_, 2015

RESPECTFULLY SUBMITTED
WILLIE RAY #1210691

1

CAUSE NO.

FILED
LOIS ROGERS
DISTRICT CLERK

IN THE UNITED STATES DISTRICT COURT 2015 MAR 27 AM 11: 12
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

SMITH COUNTY, TEXAS

STATE OF TEXAS

BY _____
DEPUTY

v.

WILLIE RAY

TRIAL COURT CAUSE NO. 007-0396-03

IN THE 7TH JUDICIAL DISTRICT COURT

FOR SMITH COUNTY, TEXAS

MOTION FOR WRIT OF ERROR CORAM NOBIS
WITH MEMORANDUM IN SUPPORT

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, WILLIE RAY, PRO SE MOVANT, AND WOULD RESPECTFULLY REQUEST THIS COURT HEAR AND CONSIDER HIS INSTANT MOTION. THE MOVANT IS CURRENTLY BEING IL- LEGALLY AND UNCONSTITUTIONALLY RESTRAINED OF HIS LIBERTY, IN VIOLATION OF THE CONSTUTION OF THE UNITED STATES AND THE STATE OF TEXAS, AS A RESULT OF THE TRI- AL COURTS JUDGMENT, AND WOULD SHOW THE FOLLOWING IN SUPPORT:

I.
JURISDICTION

THIS COURT IS AUTHORIZED THE JURISDICTIONAL POWER TO HEAR AND CONSIDER THIS CAUSE, PURSUANT TO THE "ALL WRITS ACT 28 U.S.C. §1651(a)."

THE UNITED STATES SUPREME COURT HAS HELD THAT THE WRIT OF ERROR CORAM NOBIS IS AVIALABLE TO CORRECT ERRORS OF THE "MOST FUNSAMENTAL CHARACTER." SEE UNITED STATES v. MORGAN, 346 U.S. 502,512,74 S.Ct. 247,253,98 L.Ed. 248 (1954)(QUOT- ING UNITED STATES v. MAYER, 235 U.S. 55,69,35 S.Ct. 16,19-20,59 L.Ed. 129 (1912)

1.

2

; SEE ALSO <u>SANTOS-SANCHEZ v. UNITED STATES</u>, 548 F.3d 327 (5th Cir. 2008). THE WRIT IS ALLOWED TO CORRECT "MANIFEST INJUSTICES." <u>RENER v. UNITED STATES</u>, 475 F.2d 125 (5th Cir. 1973). IN THE **MORGAN CASE** THE COURT HELD, "THE DISTRICT COURT HAS THE POWER UNDER THE ALL WRITS ACT 28 U.S.C. §1651(a), TO ISSUE A WRIT OF ERROR CORAM NOBIS TO VACATE JUDGMENTS ON THE GROUND THAT THE DEFENDANT HAD BEEN DEPRIVED OF COUNSEL." ALTHOUGH THIS WRIT IS AN EXTRAORDINARY REMEDY [AVAILABLE] ONLY UNDER CIRCUMSTANCES COMPELLING SUCH ACTION TO ACHIEVE JUSTICE. <341 U.S. AT 511>... THE CIRCUMSTANCES HERE IN THE MOVANTS CASE SHOULD COMPEL THE ISSUANCE OF THIS WRIT.

THE WRIT IS AN EXCEEDINGLY "NARROW REMEDY," APPROPRIATE ONLY WHEN "THERE EXISTS FACTS WHICH IF MADE KNOWN TO THE COURT PRIOR TO THE RENITION OF THE JUDGMENT, WOULD HAVE PREVENTED ITS RENDITION, AND WHICH, THROUGH NO NEGLIGENCE OR FAULT OF THE DEFENDANTS WAS NOT BROUGHT FORWARD BEFORE THE RENDITION OF THE JUDGMENT."

## ERRORS OF FUNDAMENTAL CHARACTER

### ISSUE ONE

"NON-WAIVABLE" FUNDAMENTALLY DEFECTIVE
"PROBABLE CAUSE AFFIDAVIT"

### ISSUE TWO

"NON-WAIVABLE STRUCTURAL ERRORS" OF FUNDAMENTAL CHARACTER;
ACTUAL OR CONSTRUCTIVE DENIAL OF COUNSEL
"CRITICAL STAGES OF THE PROCEEDINGS," AND ON
DIRECT APPEAL

### MEMORANDUM OF LAW

2

**3**

## STATEMENT OF CASE

THIS IS A WRIT OF CORAM NOBIS BROUGHT BY A STATE PRISONER IN CUSTODY, HE BRINGS THIS WRIT CHALLENGING ERROR/DEFECT OF THE MOST FUNDAMENTALIST OF NATURE, CHALLENGING THE SUBJECT-MATTER JURISDICTION AND JURISDICTION OVER HIS PERSON, DUE TO A NON-WAIVABLE "SUBSTANTIVE DEFECT" IN THE PROBABLE CAUSE AFFIDAVIT OF THE ALLEGED VICTIM IN THIS CASE, THAT CONCEEDS NO JURISDICTION UNDER TEXAS LAW, AND CANNOT BE WAIVED OR FORFEITED UNDER TEXAS LAW, FOR THE FAILURE TO BRING THE DEFECT IN THE AFFIDAVIT TO THE TRIAL COURT'S ATTENTION. THE MOVANT IN THIS WRIT WOULD, RESPECTFULLY INCORPORATE HIS INEFFECTIVE ASSISTANCE OF TRIAL AND APPELLATE COUNSEL'S INTO ISSUE ONE FOR THE CONVENIANCE OF THIS REVIEWING COURT.

## ISSUE ONE

### "NON-WAIVABLE" FUNDAMENTAL DEFECTIVE
### "PROBABLE CAUSE AFFIDAVIT"

FEDERAL QUESTIONS:

1) DID THE PROBABLE CAUSE AFFIDAVIT CONSTRUCTED AGAINST THE DEFENDANT FAIL TO PURPORT ON ITS FACE A "NOTARY SEAL" TO SUPPORT SPECIAL APPEARANCE OF THE SUBJECT-MATTER (FACTS) OFFENSE?

2) ABSENT THE AFFIANTS PERSONALLY APPEARING BEFORE A NOTARY AND BEING DULY SWORN UPON OATH AND SIGNATURE, "IS IT A 'SUBSTANTIVE DEFECT' THAT CAN NEVER BE WAIVED BY FAILING TO BRING TO THE TRIAL COURT'S ATTENTION?"AND

3) ABSENT THE NOTARY SEAL MAKING THE DOCUMENT LEGAL, "DID THE STATE OR THE COURT'S (GRAND JURY AND TRIAL) HAVE THE POWER, AUTHORITY OR JURISDICTION TO PROCEED AGAINST THE DEFENDANT, ABSENT A PROBABLE CAUSE AFFIDAVIT? IN ADDITION;

3

4) WAS THE DEFENDANT ACTUALLY OR CONSTRUCTIVELY DENIED COUN-
SEL AT CRITICAL PRETRIAL SUPPRESSION HEARING, AND APPELL-
ATE COUNSEL WHEN APPELLATE COUNSEL FILED A FRIVOLOUS AP-
PELLANT'S BRIEF? (ISSUE INCORPORATED INTO ISSUE ONE).

THE MOVANT ANSWERS THE ABOVE QUESTIONS 1-4 ABOVE; 1) YES; 2) YES; 3) NO;
AND 4) YES, AS A FACTUAL MATTER AND A MATTER OF LAW, AND WOULD SUPPORT THE
ABOVE WITH THE FOLLOWING "FACTS FINDINGS AND CONCLUSIONS OF LAW:

THROUGH NO FAULT OR NEGLIGENCE OF THE MOVANT'S, BUT RATHER OF THE STATE GOV-
ERNMENTS (SMITH COUNTY PROSECUTORS OFFICE), THROUGH THE APPOINTMENT OF COUNSEL
TO THE DEFENDANT, WHO WAS CLEARLY INEFFECTIVE, WAS THE DEFENDANT ABLE TO BRING
ALL THE FACTS RAISED IN HIS ISSUES ONE AND TWO, TO THE TRIAL COURT'S OR APPELL-
ATE COURT'S ATTENTION PRIOR TO THE RENDITION OF THE JUDGMENTS. ... i.e. THE STA-
TE BEING IMPUTED WITH THE RESPONSIBILITY OF THE INEFFECTIVENESS OF COUNSEL'S AT
TRIAL AND ON FIRST APPEAL, UNDER THE FOURTEENTH AMENDMENTS TO THE UNITED STATES
CONSTITUTION, IS A STATE CREATED IMPEDIMENT. CUYLER v. SULLIVAN, 466 U.S. 335.

WHILE THE STATE GOVERNMENT MAY BE CORRECT THAT, "THE MOVANT CAN ONLY FILE ONE
HABEAS PETITION ATTACKING HIS CONVICTION, IT FAILS TO TAKE INTO ACCOUNT THAT RE-
LIEF IS AVAILABLE UNDER THE ALL WRITS ACT 28 U.S.C. §1651(a) (1982). IT IS WELL
ESTABLISHED THAT BY VIRTUE OF THE ALLL WRITS ACT, THE WRIT OF CORAM NOBIS IS
AVAILABLE WITH RESPECT TO 'JUDGMENTS' IN CRIMINAL MATTERS." SEE MORGAN, SUPRA.
[Id., AT p.1, THIS DOC].

HERE MOVANT (RAY) ESSENTIALLY SUGGESTS THAT HIS TRIAL COUNSEL'S PERFORMANCE
AT CRITITCAL STAGES OF THE PROCEEDINGS, WAS SO DEFICIENT (CONSTITUTIONALLY) AS
TO AMOUNT TO NO COUNSEL AT ALL EITHER ACTUAL OR CONSTRUCTIVE, WHEN HE FAILED TO
TIMELY PRESENT MOTIONS TO THE COURT IN PRETRIAL HEARINGS, TO SUPPRESS, DISMISS,
OR QUASH THE FACTUAL INFORMATION AS DISCLOSED IN THE FOUR CORNERS OF THE AFFI-
DAVITS ("STATEMENTS") MADE BY THE VICTIM "PATRIC LOFTIS" AND THE WITNESS "GWEN-

4

5

DOLYN YOUNG", IN THE INVESTIGATION CASE NO. 03-3373 (SEE ATTACHED EXHIBITS-A, 1 AND 2). SAID STATEMENTS WERE AND ARE "SUBSTANTIVELY DEFECTIVE" AS A MATTER OF TEXAS LAW, FOR THE WANT OF A SHOWING OF A NOTARY SEAL. ... (i.e. FACIALLY VOID INSTRUMENTS). MOVANT (RAY) FURTHER SUGGESTS THAT HIS APPELLATE COUNSEL'S PERFORMANCE WAS AS WELL CONSTITUTIONALLY DEFICIENT IN HIS FAILURE TO RAISE THE "SUBSTANTIVE DEFECTS" IN THE AFFIDAVITS ("STATEMENTS"), BUT RATHER FILING A FRIVOLOUS APPELLANT'S BRIEF, CONSTITUTING, NOT MERE INEFFRECTIVENESS, BUT RATHER, ACTUAL OR CONSTRUCTIVE DENIAL OF COUNSEL AT FIRST APPEAL, AND IS AS WELL IMPUTED TO THE STATES RESPONSIBILITY UNDER THE FOURTEENTH AMENDMENT. CUYLER, SUPRA. [Id., AT p. 3, THIS DOC.]. THE STATE, THEREFORE, BY THE APPOINTMENT OF COUNSEL'S (TRIAL AND APPEAL) HAS ULTIMATELY CAUSED THE PROCEDURAL EXHAUSTION REQUIREMENT ERROR, TO BRING TO THE TRIAL COURT'S AND APPELLATE COURT'S ATTENTION, BY THEIR FAILURES TO PRESERVE THE ISSUES FOR THE FEDERAL HABEAS CORPUS REVIEW. THEREFORE, BEING THAT THE ERRORS ARE OF THE MOST FUNDAMENTAL IN CHARACTER, THEREFORE CAUSING THE DEFENDANT TO LOSE RIGHTS AND BENEFITS THAT HE WOULD HAVE OTHERWISE BEEN ENTITLED TO, BUT FOR THE COUNSEL'S INEFFECTIVENESS, CAUSING HIM TO FORFEIT HIS RIGHT TO RAISE THE ISSUES AT AFEDERAL HABEAS CORPUS LEVEL OF THE APPELLATE PROCESS, FOR THE LACK OF EXHAUSTION AT EVERY AVAILABE STATE REMEDY. AS SUCH, THE MOVANT IN THIS PARTICULAR CASE SHOULD NOT BE BARRED FROM THE FILING OF THIS EXTRAORDINARY WRIT, DUE TO THE STATE CREATED IMPEDIMENT UNDER THE COLEMAN DOCTRINE. SEE COLEMAN v. THOMPSON, 501 U.S. 735. (QUOTING MURRAY v. CARRIER, 477 U.S. 478,488 S.Ct. 2639 (1986)(THE GOVERNMENTAL INTERFERENCE OF "SUPPLYING THE MOVANT (DEFENDANT) WITH COUNSEL'S THAT WERE CONSTITUTTIONALLY INEFFECTIVE," MADE COMPLIANCE WITH THE CONTEMPERONIOUS OBJECTION AND EXHAUSTION RULES IMPRACTICABLE FOR THE MOVANT TO EXHAUST HIS STATE REMEDIES). HIS APPELLATE COUNSEL'S FILING OF THE FRIVOLOUS APPELLANT'S BRIEF ON DIRECT APPEAL INSTEAD OF RAISING THE CLEAR SUBSTANTIVE DEFECTS, ULTIMATELY CAUSED THE AFFIRMING OF A CONVICTION THAT WOULD HAVE OTHERWISE BEEN OVERTURNED.

5

BY HIS COUNSEL'S FAILURE TO RAISE THE CLEARLY OBVIOUS DEAD-BANG WINNING ISSUES THAT THE MOVANT RAISES HEREIN, (BECAUSE IT IS CLEAR ON THE FACE OF THE RECORD ITSELF THAT THE STATEMENTS SUPPORT NO APPEARANCE OF THE VICTIM, WITNESS OR THE STATE, BEFORE ANY PROCEEDINGS) SEE LOMBARD v. LYNAUGH, 868 F.2d1475 (5th Cir.19 89)(WHEN COUNSEL FILES A FRIVOLOUS APPELLATES BRIEF, IT AMOUNTS TO NO COUNSEL AT ALL, EITHER ACTUAL OR CONSTRUCTIVE DENIAL OF COUNSEL, AND THE PREJUDICE PRONG OF THE STRICKLAND TEST IS NOT REUIRED, PREJUDICE IS THEN PRESUMED. Id)

THE MOVANT HOWEVER, APPLIES THE PREJUDICE PRONG OF THE STRICKLAND TEST <466 U.S. 687-88> IN REFERENCE TO HIS TRIAL COUNSEL'S INCOMPETENTS OR IGNORANCE OF THE FACTS AND THE LAWS THAT APPLIED TO THE MOVANT'S CASE THAT WOULD HAVE ENTITLED HIM TO RELIEF. HAD HIS TRIAL COUNSEL MERELY REVIEWED THE READILY AVAILABLE "STATEMENTS" OF THE VICTIM AND THE WITNESS, IN QUESTION, AND APPLIED THE APPLICABLE STATUTES AND AUTHORITIES TO SUCH AS THE MOVANT DOES HEREIN, BY LEARNING OF THE FACTUAL SUBSTANTIVE DEFECTS, AND BROUGHT SUCH TO THE TRIAL COURT'S AND APPELLATE COURT'S ATTENTION PRIOR TO THE RENDITION OF THE JUDGMENTS AND MOVED THE COURT'S TO DISMISS OR QUASH THE AFFIDAVITS AND THE CHARGING INDICTMENT SECURE FROM THE INFORMATION IN THE STATEMENTS ("UNVERIFIED TO BY A NOTARY"), MOVING THE COURT'S TO DIMISS ALL CHARGES ATA SUPPRESSION HEARING, (THAT WAS NEVER CONDUCTED NOR WAS A PROBABLE CAUSE HEARING, AND MOVING THE COURT TO VACATE THE CHARGES FOR WANT OF THE APPEARANCE OF THE SUBJECT-MATTER JURISDICTION AND/OR JURISDICTION OVER THE DEFENDANT'S PERSON, FOR THE WANT OF THE STATE BEING PROVIDED WITH A VALID PROBABLE CAUSE AFFIDAVIT UNDER/OR PURSUANT TO TEX. CODE CRIM. PRO. ART. §21.22 AND §1.06, NOT BEING SWORN TO BEFORE A NOTARY PURSUANT TO TEX. GOVT. CODE §312.011(1) (VERNON 1998), THE COURT BEING BOUND UNDER ITS PUBLIC SERVICE DUTY AND OATH, WOULD HAVE, AS A "MATTER OF LAW", BEEN BOUND TO DISMISS ALL CHARGES OR BEEN IN ERROR HIMSELF, FOR NOT ACTING UPON THE STATES "PROSECUTORIAL FRAUDS" PLAINLY EXPOSED ON THE FACE OF THE RECORD, DUE TO THE FACT THAT THE UN-

6

7

NOTARIZED STATEMENTS, UNDER TEXAS ALW CONCEDED NO JURISDICTIONAL RIGHTS UPON THE STATE TO PROCEED AGAINST THE MOVANT. JURISDICTION "CAN ONLY BE INVOKED THROUGH THE 'OPERATION OF LAW' (PROCEDURAL LAW)... THERE WAS NO OPERATION OF THE PROCEDURAL LAWS IN THIS CASE, WHEN THE STATEMENTS DID NOT EVEN MEET THE ESSENTIAL PREREQUISITES OF THE TEXAS PROCEDURAL LAW OF THE TEXAS STATUTE §312.011(1)(VERNON 1998). HERE IN THE MOVANTS CASE, THE STATE NEVER HAD THE LAWFUL AUTHORITY POSSESSED BY HIS OFFICE OF INTEGRITY TO DELIVER, PASS OR OTHERWISE UTTER A "SIMULATING LEGAL PROCESS" IN VIOLATION OF CLEARLY ESTABLISHED LAW OF TEX. PEN. CODE SEC. §32.48 (WITH OR WITHOUT AN OBJECTION BEING RAISED BY THE DEFENSE COUNSEL, AND DEFECT CANNOT BE WAIVED, BECAUSE IT CAUSED THE GRAND JURY COURT AND THE TRIAL COURT TO BE INDUCED TO TAKE A FRAUDULENT ACTION ON THE BASIS OF THE DOCUMENTS THAT WERE NULL AND VOID FROM THE BEGINNING, INTENDED BY NONE OF THE CONSEQUENCES OF A VALID STATEMENT (AFFIDAVIT). AS SUCH, AS A "MATTER OF FACT AND LAW" NO LAWFUL JURISDICTION WAS EVER OBTAINED BY THE STATE OR THE TRIAL COURT TO RPOSEED AGAINST THE MOVANT FOR ANY CRIMINAL PURPOSE. AS SUCH, AS A "FACTUAL AND LEGAL MATTER, THERE IS NO VALID JUDGMENT (i.e. THE JUDGMENT IS NULL AND VOID), LIKEWISE A NULLITY FROM THE BEGINNING INTENDED BY NONER OF THE CONSEQUENCES OF A VALID JUDGMENT. IN A VERY REAL SENSE, IT IS AS IF THE STATE GOVERNMENT OR THE TRIAL COURT EVER EXISTED TO PROSECUTE OR RENDER A JUDGMENT. TO-WIT THE STATE NEVER HAD THE LAWFUL AUHTORITY UNDER ITS PUBLIC SERVICE OATH AND THE INTEGRITY OF ITS OFFICE, TO PASS A "SIMULATING LEGAL PROCESS." IN VIOLATION OF THE PENAL STATUTE, AND THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT.

ARGUMENTS:

THE MOVANT ARGUES THAT, HAD THE FOLLOWING FACTS AND LAW BEEN BROUGHT TO THE COURT'S ATTENTION, ALONG WITH THE FACT THAT THE STATE AND THE COURT HAD NO JURISDICTION TO TRY THE MOVANT SURROUDING THE VALIDITY OF THE STATEMENTS BEING ABSENT THE "NOTARIAL SEAL," THERE WOULD HAVE NEVER BEEN A JUDGMENT RENDERED. SEE

7

**8**

THE FOLLOWING AUTHORITIES:

PREREQUISITES OF THE STATEMENTS:

THE COURT OF APPEALS IN THE EXITO CASE CONCLUDED THAT, BECAUSE THE AFFIDAVIT (STATEMENT) WAS "FATALLY DEFECTIVE", EXITO PROVIDED, "NO APPEARANCE AND WAIVED SUCH," AS A RESULT. (THIS REVIEWING COURT SHOULD LIKEWISE HOLD THE SAME, "THAT NO APPEARANCE OF THE ACCUSSING PARTY EVER EXISTED, AND WAS WAIVED, AS A RESULT). (i.e. THERE WERE NO SUPPORTING FACTUAL ALLEGATIONS ABSENT THE AFFIDAVIT BEING UNDISPUTABLY AND UNQUALIFIEDLY REPRESENTED AS TRUTH UNDER SEAL OF A NOTARY). ... THUS SUPPORTING NO FACTS TO APPEAR BEFORE A GRAND JURY OR ANY OTHER COURT, SUPPORTING NONE OF THE FACTS IN THE CHARGING INDICTMENT, DRAWN UP BY THE TEXAS PROSECUTORS OFFICE, AND MALICIOUSLY PRESENTED WITHOUT THE PROBABLE CAUSE TO DO SO. i.e. WITHOUT THE LAWFUL AUHTORITY AND OR BELIEF THAT THE STATE GOVERNMENT COULD BRING ABOUT A "JUST RESULT (CONVICTION OR JUDGMENT)" ON THE BASIS OF THE "SIMULATING LEGAL PROCESS." SEE EXITO ELECTRIC CO. LTD v. TREJO, 142 S.W. 3d AT 307. THE COURT HELD IN DAWSON-AUSTIN, THAT, AN UNVERIFIED APPEARANCE DOES NOT "CONCEDE JURISDICTION." <968 S.W.2d 319,322 (TEX. 1998). THE SUPREME COURT WENT ON TO HOLD IN THE COTTON CASE THAT, "DEFECTS IN SUBJECT-MATTER JURISDICTION, CAN NEVER BE WAIVED OR FORFEITED; DEFECTS REQUIRE CORRECTION REGARDLESS WHETHER RAISED IN DISTRICT COURT." SEE UNTIED STATES v. COTTON, 535 U.S. 625,630 (2002); AS WELL , SINCE ABSESENCE JURISDICTION DEPRIVES A COURT OF ITS POWER TO PROCEED TO ADJUDICATE THE RIGHTS OF THE PARTIES, IS A FUNDAMENTAL DEFECT IN NATURE AND CAN BE RAISED AT "ANY PLACE AND AT ANY TIME." GONZALES, 545 U.S. AT 528 (2005)(CITING STEEL CO. v. CITIZENS FOR A BETTER ENVIRONMENT, 523 U.S. 83,94,101,118 S.Ct. 10 03 (1998); FONTENOT v. STATE, 932 S.W.2d 185. ACCORDING TO DAWSON-AUSTIN, SUPRA. , STANDS FOR THE PROCEDURAL RULE, THAT JURIDICTION CAN ONLY BE OBTAINED THROUGH THE PROBABLE CAUSE AFFIDAVIT, CHARGING AN OFFENSE, AND FAILURE OF THE STATE TO OBTAIN SUCH AND TRY THE DEFENDANT ANYWAYS IS "FRAUD ON THE COURT'S", AND THE DE-

8

FENDANT CANNOT BE HELD RESPONSIBLE UNDER THE DUE DILIGENCE RULE FOR THE STATES "PROSECUTORIAL FRAUDS' ON THE COURT'S, FOR THE STATES FAILURE TO ADHERE TO ITS OWN PROCEDURAL RULES OF THE MANDATORY PREREQUISITES TO A VALID JURISDICTION OF A VALID STTAEMENT. VIOLATION OF THE STATES PROCEDURAL RULE BY THE STATE WOULD BE A STATE CREATED IMPEDIMENT UNDER THE DOCTRINE OF COLEMAN, 501 U.S. AT 750. THE COLEMAN DOCTRINE, ENSURES THAT THIS FEDERAL COURT GIVES PROPER RESPECT TO THIS STATE PROCEDURAL RULE, THAT WOULD BE NON-WAIVABLE AND NEVER FORFEITED. GLOVER v. CAIN, 128 F.3d 900,902 (5th Cir. 1997), CERT DENIED, 523 U.S. 1125 (19 98).

AN AFFIDAVIT IS DEFINED AS A "STATEMENT OF FACT OR FACTS", SIGNED BY THE PERSON MAKING THE STATEMENT, "SWORN TO" UNDER "OATH" BEFORE AN OFFICER AUTHORIZED TO ADMINISTER OATHS, "AND OFFICIALLY CERTIFIED BY HIM UNDER 'SEAL OF OFFICE'". (i.e. NOTARY SEAL). IN PLAIN TERMS, THE PERSON MAKING THE STATEMENT MUST SWEAR TO AND SIGN THE STATEMENT INFRONT OF A NOTARY. EXITO, 99 S.W.3d 370-372 (TEX.APP. -CORPUS CHRISTI 2003)(QUOTING DELOS SANTOS, 802 S.W.2d AT 754-55), WITHOUT NOTAR-IZATION, AN UNSWORN STATEMENT IS NOT AN AFFIDAVIT, AND FAILS TO MEET THE PROCED-URAL REQUIREMENTS OF TEX. CODE CRIM. PRO. ART. §21.22 AND §1.06. SEE FAILING v. EQUITY MGMT CORP., 674 S.W.2d 906,909 (TEX.APP.-HOUSTON [1 DIST] 1984, NO WRIT).

MOREOVER, AN AFFIDAVIT IS LEGALLY INSUFFICIENT IF IT DOES NOT POSITIVELY AND UNQUALIFIEDLY REPRESENT THE FACTS AS DISCLOSED IN THE STATEMENT TO BE TRUE AND WITHIN THE PERSONAL KNOWLEDGE OF THE AFFIANT. SEE EXITO, AT 372-373 [FOOTNOTE 7] HUMPHREY v. CALDWELL, 888 S.W.2d 467,471 (TEX. 1994)(LACK OF A PROPERLY NOT-ARIZED SIGNATURE IS A "SUBSTANTIVE DEFECT", NOT A DEFECT AS TO FORM. ELAM v. YALE CLINIC, 783 S.W.2d 638,643 (TEX.APP.-HOUSTON [14 DIST] 1989)). UNLIKE DE-FECTS IN VERIFICATION CANNOT BE WAIVED BY FAILING TO BRING THE AFFIDAVITS DE-FECT TO THE TRIAL COURT'S ATTENTION. YALE CLINIC, AT 643. ACCORDINGLY, THE PRO-CEDURAL RULE OF THE TEX. GOVT. CODE STATUTE §312.011(1) AND CODE CRIM. PRO. ART.

9

**10**

§21.22, ABSENT THE NOTARIAL SEAL, NO JURISDICTION WAS EVER INVOKED UNDER THE CODE OF CRIMINAL PROCEDURES "PROVISIONAL LANGUAGE," HOLDING THAT AN AFFIDAVIT MUST BE MADE UNDER OATH. BEFORE A NOTARY. "WHEREFORE, THE STATEMENTS MADE BY THE ALLEGED VICTIM AND THE WITNESS (ATTACHED AS EXHIBIT-A 1 AND 2) IN THIS CASE OF THE INVESTIGATION OF THE TYLER POLICE DEPARTMENT, CASE NO. 33-3373, ARE ULTI-MATELY NOT AFFIDAVITS OR COMPETENT PROOFS OF FACT THAT A CRIMINAL ACT EVER OC-CURED TO INVOKE A JURISDICTION. SEE SANTA FE ENERGY CO. v. BAXTER, 783 S,W,2d AT 643 (QUOTING PERKINS v. CRITTENDEN, 642 S.W.2d 565,568 (1970).

THE MOVANT ARGUES THAT, BEING THE COURT IS FACED WITH A "SUBSTANTIVE DEFECT" NON-WAIVABLE, FAILURE TO CONSIDER THE CLAIM WOULD RESULT IN A FUNDAMENTAL MIS-CARRIAGE OF JUSTICE, PURSUANT TO THE COLEMAN DOCTRINE . SEE COLEMAN, 501 U.S. AT 750. AGAIN, "THIS DOCTRINE ENSURES THAT THIS COURT WILL GIVE PROPER RESPECT TO THE STATES PROCEDURAL RULES, AS THE MOVANT HAS IDENTIFIED HEREIN. SEE GLOVER v. CAIN, 128 F.3d 900,902.

HAD THE MOVANTS COUNSEL BROUGHT THE FACTS THAT THE MOVANT PROVIDES TO THIS CO-URT, TO THE TRIAL AND APPELLATE COURT'S ATTENTION, THE COURT BOUND IN DUTY WO-ULD HAVE DISMISSED THE AFFIDAVITS FOR WANT OF PROPER PREDICATE OF LAW, AND THE OUTCOME OF THE PROCEEDINGS WOULD HAVE BEEN DIFFERENT. BARRIENTES v. JOHNSON, 221 F.3d 741 (5th Cir. 2000), CERT. DISM'D, 531 U.S. 1134 (2001). THE FUNDAMENTAL MISCARRIAGE OF JUSTICE, IS CONFINED TO CASES WHERE THE DEFENDANT CAN MAKE A FAC-TUAL SHOWING THAT AS A FACTUAL MATTER HE DID NOT COMMITT A CRIME. FAIRMAN v. AN-DERSON, 188 F.3d 635,644 (5th Cir. 1999). HERE, THIS COURT SHOULD HAVE NO DIFFI-CULTY FINDING THAT ABSENT THE PROBALE CAUSE AFFIDAVIT BEING UNNOTARIZED, IS NOT COMPETENT PROOF OF ANY CRIMINAL ACT OCCURING, AND SUPPPORTS NO APPEARANCES OF SUBJECT-MATTER BEFORE ANY COURT. BY CONTRAST, THE MOVANT COMPLAINS NOT OF ERRORS AT TRIAL. BUT RATHER, ERRORS AT PRETRIAL STAGES TO ENSURE THAT PROBABLE CAUSE EX-ISTED TO PROCEED TO TRIAL IN THIS CASE, TO FIND HIM GUILTY OF AN OFFENSE. UNITED

10

STATES v. MACHANICK, 475 U.S. 66 (1986). THE MOVANT ARGUES HIS CASE WELL HERE, "THERE WAS NO PROBABLE CAUSE, ABSENT THE UNSWORN AFFIDAVITS OF THE ALLEGED VICTIM AND THE WITNESS GWENDOLYN YOUNG." (EMPHASIS ADDED). AND IN A VERY REAL SENSE, THE STATE GOVERNMENT OR THE COURT IN THIS CASE NEVER EVEN EXISTED ABSENT THE JURISDICTION. ANS AS A "FACTUAL AND LEGAL MATTER," THE STATE HAD NO FACTS BEFORE IT TO EVEN PRESENT TO THE GRAND JURY, ABSENT THE PROBABLE CAUSE. THUS MAKING THE CHARGING INSTRUMANT FUNDAMENTALLY NULL AND VOID OF ANY POWER OR AUTHORITY OF JURISDICTIONAL VALUE TO BRING ABOUT ANY ENTRY OF JUDGMENT, AND CAN NEVER BE WAIVED OR FORFEITED, UNDER THE DOCTRINE OF COTTON, SUPRA.. ESSENTIALLY, THE TRIAL CAUSED THE INJURY, FROM THE SUBSTANTIVE DEFECT" (i.e. FRAUDULENT PROBABLE CAUSE AFFIDAVIT(s)), IN WHICH PROCURED A FRAUDULENT CHARGING INSTRUMENT (INDICTMENT) BASED ON THE FACTUAL INFORMATION (UNSWRN TO) IN THE PROBABLE CAUSE AFFIDAVITS, AND THE STATE PROSECUTORS OFFICE CERTAINLY HAD NO LAWFUL AUHTORITY TO PASS THE FRAUDULENT DOCUMENTS FOR ANY PURPOSE IN A CRIMINAL PROCEEDING. THEREFORE , THIS REVIEWING COURT IS OBLIGATED TO FIND THAT THE DEFENDANT WASS INFACT PUT TO TRIAL ABSENT THE DUE PROCESS PROCEDURE PROVIDED FOR HEREIN, WHICH WOULD RESULT IN A "FUNDAMENTAL MISCARRIAGE OF JUSTICE, " OF ONE WHO IS ACTUALLY INNOCENT, ABSENT FACTUAL PROBABLE CAUSE TO BELIEVE THAT HE COMMITTED ANY CRIMINAL ACT. HERE, THE STATES PROSECUTOR'S OFFICE, IS A REPRESENTATIVE, NOT OF AN ORDINARY PARTY TO A CONTROVERSY. BUT OF A SOVEREIGNITY WHOSE OBLIGATIONS TO GOVERN IMPARTIALLY IS AS COMPELLING AS IT IS TO GOVERN AT ALL; AND WHOSE INTEREST, THEREFORE IN CRIMINAL CASES IS NOT THAT HE SHALL WIN A CASE, BUT RATHER, THAT JUSTCIE SHALL BE DONE. AS SUCH, IN A PECULIER AND VERY DEFINITE SENSE THE SERVANT OF THE LAW. THE TWO-FOLD AIM OF WHICH IS THAT THE GUILTY SHALL NOT ESCAPE OR THE INNOCENT SUFFER. HE MAY PROSECUTE WITH EARNEST AND VIGOR. BUT, WHILE HE MAY STRIKE HARD BLOWS, HE IS NOT AT LIBERTY TO STRIKE FOUL ONES. (FOR A STATES OFFICIAL TO DELIVER FRAUDULENT

11

PROBABLE CAUSE AFFIDAVITS TO SECURE AN INDICTMENT, WOULD CERTAINLY BE A "FOUL BLOW.") BERGER v. UNITED STATES, 295 U.S. 78,55 S.Ct. 633 (1935). THEREFORE, THE FUNDAMENTAL FAIRNESS AND INTEGRITY IS LOST AND UNCURABLE ERROR OTHER THAN A RENDERING THE JUDGMENTS IN THIS CASE NULL AND VOID, FOR WANT OF JURIDICTION BEING COMPROMISED. HERE,THE RELIABILITY OF THE EVIDENCE ON THE FACE OF THE RECORD, ATTACHED AS EXHIBIT-A, THIS DOCUMENT, IS PRIMA FACIE IN FAVOR OF THE MOVANT, BEARING ON HIS INNOCENCE. AS SUCH, THE STRUCTURAL INTEGRITY OF THE PROCESS ITSELF HAS BEEN FUNDAMENTALLY UNDERMINED, AND IS NOT AMENDABLE TO HARMLESS ERROR REVIEW . THE SEMINAL CASE OF STRICKLAND v. WASHINGTON, 466 U.S. 668 (1984), LOCATED THE RIGHT TO COUNSEL DOES NOT BEGIN AT TRIAL. IT EXTENDS TO "ANY STAGE OF THE PROSECUTION, FORMAL OR INFORMAL, IN COURT OR OUT, WHERE THE ABSENCE OF COUNSEL MIGHT DEROGATE FROM THE ACCUSED'S RIGHTS TO A FAIR TRIAL, (AS IT DID IN THIS CASE OF THE MOVANT'S) SEE UNITED STATES v. WADE, 388 U.S. 218,226 (1967). HERE, THIS COURT IS NOT DEALING WITH MERE TECHNICALITIES, "MOVANTS COUNSEL SAT BACK AND ALLOW-THE STATE TO DEPRIVE HIM OF "SUBSTANTIVE RIGHTS." WITHOUT AS MUCH AS LIFTING A FINGER TO ASSIST THE MOVANT, THAT HE WOULD HAVE OTHERWISE BEEN ENTITLED TO. WILLIAMS, 529 U.S. AT 392[2] .

THE MOVANT ARGUES THAT THE LAFLER COURT DID NOT FOLLOW A RIGID RULE THAT AN OTHERWISE FAIR TRIAL REMEDIES ERRORS NOT OCCURING AT TRIAL. BUT INSTEAD HAS INQUIRED WHETHER THE TRIAL CURED THE PARTICULAR ERROR AT ISSUE. VASQUEZ v. HILLERY , 474 U.S. 254-263. HERE IN THE MOVANT'S CASE, THE TEXAS COURT'S HAVE CONSISTANTLY HELD, THAT THE DEFECTS OF A UNNOTARIZED AFFIDAVIT, AS COMPLAINED OF HEREIN, IS NOT CURED BY THE TRIAL, BECAUSE THE DEFECT CAN NEVER BE WAIVED, BY FAILING TO BRING TO THE TRIAL COURT'S ATTENTION.. THE QUESTION HERE IS, NOT THJE FAIRNESS OF THE TRIAL ITSELF, BUT RATHER, OF THE PROCESS THAT PROCEEDED IT, WHICH CAUSED THE MOVANT TO LOSE RIGHTS OR BENEFITS THAT HE WOULD HAVE OTHERWISE HAD TO PRO-

12

**13**

TECT HIM. HERE, BUT FOR COUNSEL'S DEFICIENT PERFORMANCE, THROUGH HIS INCOMPET-ENTS OR IGNORANCE OF FACT AND LAW, THE RESULTS OF THE PROCEEDINGS WOULD HAVE BE-EN DIFFERENT HAD HE BROGHT THSES FACTS AND LAW TO THE COURT'S ATTENTION PRIOR TO THE RENDITION OF THE JUDGMENT. IN ADDITION, A RELIABLE TRIAL DOES NOT FORE-CLOSE RELIEF WHEN COUNSEL HAS FAILED TO ASSERT RIGHTS THAT MAY HAVE ALTERED THE OUTCOME OF THE PROCEEDINGS. KIMMELMANN v. MORRISON, 477 U.S. 365,479.

THE MOVANT ARGUES THAT THIS COURT SHOULD APPLY THE PLAIN ERROR STANDARD TO HIS CASE HERE, THAT THE STATE AND THE COURT WERE BOTH FACTUALLY AND LEGALLY ABSENT JURISDICTION OVER HIS PERSON OR THE SUBJECT-MATTER AS DISCLOSED IN AN UNSWORN TO STATEMENT OF FACTS AS DEFINED MUST BE UNDER ART §21.22 OF THE CODE CRIM. PRO.; AS APPLIED UNDER THE COTTON CASE: £CITING OLANO, SUPRA.•.

    1. THAT THERE WAS ERROR, THAT WAS CLEAR AND OBVIOUS UNDER CURRENT LAW,

    2. THAT AFFECTED THE SUBSTANTIVE RIGHTS OF THE MOVANT, AND

    3. SERIOUSLY UNDERMINED THE FAIRNESS, INTEGRITY AND REPUTATION OF THE PROCEEDINGS. SEE OLANO, 507 U.S. AT 734.

THE MOVANT ARGUES THAT THE STATE DEVIATED FROM THE LEGAL RULE OF LAW MANDA-TORY ON ITS FACE, AS AN ESSENTIAL PREREQUISITE OF THE THE PROBABLE CAUSE AFFIDAV-IT BEING SWORN TO BEFORE A NOTARY, AND THAT ERROR IS CLEAR AND OBVIOUS, BEING THAT IT IS ON THE RECORD AND UNDER CURRENT LAW, THAT THE STATE GAVERNMENT MUST ADHERE TO. OLANO, AT 734; UNITED STATES V. TREJO, 610 F.3d 308,319 (5th Cir. 20 10). TEX. GOVT. CODE §312.011(1). IS UNDER CURRENT LAW, A PROCEDURAL RULE THAT STAND FOR THE RULE THAT, NO PROSECUTION OR FACTS CAN BE USED AGAINST THE MOVANT ABSENT THE AFFIDAVIT (STATEMENT) BEING NOTARIZED. AFFECTING THE MOVANTS "SUBSTAN-TIVE RIGHTS." SEE OLANO,507 U.S. AT 734; JONES, 537 U.S. AT 394-95; UNITED STAT-ES v. DIAZ, 637 F.3d 592,601-02 (5th Cir. 2011).

13

FAILURE TO ASSERT A RIGHT USUALLY RESULTS IN A FORFEITURE, BUT PLAIN ERROR MITIGATES. JOHNSON, 520 U.S. 461,465 (1997). CONVERSELY, THE MOVANT ARGUES THAT A "STRUCTURAL DEFECT" HAS RESULTED HERE. ... THE DEFECT ALONG WITH THE INEFFECTIVENESS OF COUNSEL'S AT TRIAL AND APPEAL, FUNDAMENTALLY UNDERMINED THE RELIABILITY AND FAIRNESS OF THE TRIAL AND APPELLATE PROCESS, REQUIRING AN AUTOMATIC REVERSAL. FULMINANTE, 499 U.S. AT 310. (STARUCTURAL ERRORS, INVOLVES DEFECTS IN THE FUNDAMENTAL FRAMEWORK BY WHICH TRIAL COURT'S ASSESS GUILT). HERE, IN THE MOVANT'S CASE, THE RECORD SHOWS THAT HE WAS CONSTRUCTIVELY DENIED COUNSEL AT CRITICAL STAGES OF HIS PROCEEDINGS (PRETRIAL AND APPELLATE), BY HIS COUNSEL'S FAILURE TO SIMPLY INVESTIGATE THE RECORDED FACTS AND FILE ANY PRETRIAL MOTIONS OF SUPPRESSION IN WHICH A COMPETENT ATTORNEY WOULD IN THE BEST INTEREST OF HIS CLIENTS SUBSTANTIVE RIGHTS, ATTACKING THE VALIDITY OF THE UNSWORN TO AFFIDAVITS (STATEMENTS), ADVERSARIALLY TESTING THE STRENGTH OF THE STATES CASE BEFORE IT EVEN PROCEEDED TO TRIAL, IN REFERENCE TO THE PLAIN ERRORS. THE CONSTRUCTIVE DENIAL OF COUNSEL'S AFFECTED THE FAIRNESS AND INTEGRITY OF THE ENTIRE PROCEEDINGS AND RESULTED IN "FRAUD UPON THE COURT'S" BY THE STATE, BEING A STATE CREATED IMPEDIMENT, WHICH WOULD RESULT IN RELIEF BEING GRANTED PURSUANT TO THE FED.R.CIV.P. RULE 60 (b)(3) AND (6). "i.e. "FRAUD UPON THE COURT" HAS NO ONE YEAR LIMITATION UNDER THE FEDERAL CIVIL RULE." THE DENIAL OF COUNSEL'S HERE CAN NEVER BE HELD AS HARMLESS ERROR, BECAUSE IT CASTS TO MUCH DOUBT ON THE PROCESSES THEM SELVES... SEE ARIZONA v. FULMINANTE, 499 U.S. 279,309-10 (1994); SEE ALSO SATTERWHITE v. TEXAS, 486 U.S. 249,256-57 (1988). ACTUAL OR CONSTRUCTIVE DENIAL OF COUNSEL, PRESUMED TOSTRICKLAND v. WASHINGTON, 466 U.S. 668,692 (1984); CHAPMAN v. CALIFORNIA, 386 U.S. 18,23 &n.6 (1967). THERE ARE CIRCUMSTANCES, AS IN THE MOVANTS CASE BEFORE THIS COURT WHERE COUNSEL'S PERFORMANCE MAY BE SO INADEQUATE THAT, IN AFFECT, NO ASSISTANCE OF COUNSEL IS PROVIDED. CRONIC, 466 U.S. 548 (QUOTING WAINWRIGHT v. SYKES, 433 US. 72.99,97 S.Ct. 2497). CLEARLY IN SUCH CASES THE SIXTH AMENDMENT

14

RIGHT TO COUNSEL IS DENIED. WHETHER THE MOVANT HERE IS INNOCENT CANNOT BE DETERMINED FROM A PROCEEDING WHICH AS HERE, DENIAL OF COUNSEL AT CRITICAL PRETRIAL STAGES, AND AT POST CONVICTION STAGES, HAS MADE IT IMPOSSIBLE TO CONCLUDE WITH A SATISFACTORY DEGREE OF CERTIANTY, THAT THE MOVANT'S CASE WAS ADEQUATELY PRESENTED. SEE BETTS v. BRADY, 316 U,S, 455,476,62 S.Ct. 1252 (1942).

MOVANT AS WELL ARGUES THAT HIS APPELLATE COUNSEL'S PERFORMANCE IN HIS FAILURE TO RAISE THE ISSUES HEREIN AT DIRECT STATE APPEAL/OR MERELY PRESERVE THE ISSUES (DEAD-BANG WINNERS), CONSTITUTES ACTUAL OR CONSTRUCTIVE DENIAL OF COUNSEL, AND ESTABLISHES THE CAUSE FOR HIS FAILURE (MOVANT'SO TO BE ABLE TO PRESENT THE ISSUES IN A FEDERAL HABEAS PETITION. UNITED STATES v. COOK, 45 F.3d 388 (10th Cir. 1995). BECAUSE OF THE APPELLATE COUNSEL'S FILING OF THE FRIVOLOUS APPELLANT'S BRIEF, AMOUNT'S TO CONSTRUCTIVE OR ACTUAL DENIAL OF COUNSEL AT FIRST APPEAL, AND THE PREJUDICE PRON OF THE STRICKLAND TEST IS NOT REQUIRED. SEE LOMBARD v. LYNAUGH, 868 F.2d 1475 (5th Cir. 1989). REINSTATEMENT OF APPEAL IS APPROPRIATE REMEDY. DUE PROCESS GUARANTEES THE MOVANT THE EFFECTIVE ASSISTANCE OF COUNSEL, ON FIRST APPEAL. EVITTS v. LUCEY, 469 U.S. 387,105 S.Ct. 830 (1985); LOFTON v. WHITLEY, 905 F.2d 885 (5th Cir. 1990).

TRIAL AND APPELLATE COUNSEL'S PERFORMANCES WERE CONSTITUTIONALLY DEFICIENT WHEN THEY FAILED THEIR OBLIGATIONS TO INVESTIGATE (INSPECT THE READILY AVAILABLE RECORDS) "UNNOTARIZED AFFIDAVITS." THAT CONCEDED "NO JURISDICTION OF THE STATE TO PROSECUTE THE OFFENSE." HERE, IN THE MOVANT'S SITUTATION, THERE WAS NO STRATEGICNESS OR TACTICAL REASONING TO OVER LOOK SUCH A "SUBSTANTIVE DEFECT," DUE TO THE FACT THAT IT IS SUCH A "SUBSTANTIVE DEFECT," THAT PREJUDICE IS AUTOMATICALLY PRESUMED, BECAUSE IT DEPRIVED THE STATE GOVERNMENT OF THE POWER OR AUTHTORITY TO EVEN PROCEED AGAINST THE DEFENDANT. MANDATING A REVERSAL OR VACATING OF THE JUDGMENT , AND DISMISSAL OF THE INDICTMENT AND CHARGES ALL-TOGETHER. HAD COUNSEL'S MERELY

15

16

INVESTIGATED THE RECORD (THE UNSWORN TO AFFIDAVITS) OF THE WITNESSES THEY WOULD HAVE NOTED THE DOCUMENTS CONTAINED NO NOTARY SEAL, AND COULD HAVE REASONABLY PRESENTED THE FACT TOT HE TRIAL COURT AND APPELLATE COURT, AND MADE MOTIONS TO VACATE ALL THE CHARGES FOR WANT OF VALID PROBABLE CAUSE. THE COURT BOUND IN ITS DUTY WOULD HAVE AUTOMATICALLY AVCATED THE CHARGES AND THE JUDGMENT, AND THE RESULTS OF THE PROCEEDINGS WOULD HAVE CERTAINLY BEEN DIFFERENT. AS SUCH, BUT FOR THE DEFICIENT PERFORMANCE OF COUNSEL'S THE RESULTS OF THE PROCEEDINGS WOULD HAVE HAD A DIFFERENT OUTCOME. AS SUCH COUNSEL'S FAILURE TO ACHIEVE A BASIC RUDIMANTARY UNDERSTANDING OF THE FACTS AND THE LAW THAT APPLIED TO THE AFFIDAVITS HERE, THEY NEGLECTED THE CENTRAL AND MOST IMPORTANT PART OF THE ADVERSARIAL TESTING REQUIRED BY COUNSEL'S IN DEFENDING THE DEFENDANT'S CASE FROM AN UNLAWFUL JURISDICTION UNDER THE TEXAS GOVERNMENT CODE AND THE CODE OF CRIMINAL PROCEDURES IN THIS INSTANT CASE , FAILING TO INTRODUCE FACT AND LAW THAT WOULD HAVE PRODUCED A FACTUAL SHOWING THAT THE DEFENDANT WAS ACTUALLY INNOCENT OF THE CRIME ABSENT THE LAWFUL JURISDICTION (FACTUALLY INNOCENT) FOR WANT OF JURIDAICTION OVER THE DEFENDANT'S PERSON AS WELL, BECAUSE OF THE COUNSE'S MISAPPREHENSION OF THE LAW, IS A CLSSIC EXAMPLE OF THE DEFICENCY OF COUNSEL. SMITH v. DRETKE, 417 F.3d AT 442 (5th Cir. 2005)(CITING WILLIAMS v. TAYLOR, 529 U.S. 362,120 S.Ct. 1495 (2000). SUCH MISUNDERSTANDING COULD HAVE BEEN CORRECTED WITH THE MINIMAL AMOUNT OF LEGAL RESEARCH. YET, IT CAN HARDLY BE HELD AS DOUBTED. THAT TRIAL AND APPELLATE COUNSEL HAVE AN OBLIGATION TO INVESTIGATE AND UNDERSATAND THE FACTS AND LAW SURROUNDING THE CASE. WILLIAMS, 528 U.S. AT 395,120 S.Ct. 1495.

BEING THAT THE "SUBSTANTIVE DEFECTS" IN QUESTION ARE NOT WAIVER ISSUES, UNDER TEXAS LAW, COUNSEL COULD HAVE REASONABLY USED SUCH TO HIS COMETENT ADVANTAGE IN THE SECURING THE MOVANT'S INNOCENCE. ... THAT WHICH ANY REASONABLE, PROFESSIONAL COUNSEL WOULD HAVE DONE IN THE BEST INTEREST OF HIS CLIENTS DEFENSE.

16

**17**

AMENDMENT TO THIS WRIT


ISSUE THREE

"CONSTRUCTIVE AMENDMENT"

TO THE INDICTMENTS CHARGE

FEDERAL QUESTIONS:

1) WAS THE INDICTMENT CONSTRUCTIVELY AMENDED TO CONFORM TO THE NECCESSITIES OF THE PROSECUTORS CASE, BY THE OFFERING OF PROOF SHOWING A DIFFERENT PERSONS NAME THEN THE ANME APPEARING IN THE GRAND JURY'S CHARGES?

2) DID THE STATE COURT HAVE JURISDICTION OVER THE ("SUBJECT-MATTER")- "NAME OF A 'GRAY WATSON' AS THE ALLEGED VICTIM, WHEN THE INDICTMENTS CHARGES CHARGED THE NAME TO BE A 'PATRICK LOFTIS' WITH NO ALIAS CHARGED AS 'GRAY WATSON?'"

3) WAS MOVANT (RAY) ACTAULLY OR CONSTRUCTIVELY DENIED TRIAL CO-UNSEL AND APPELLATE COUNSEL BY THEIR CONSTITUTIONALLY DEFICIENT PERFORMANCES, WHEN THE TRIAL COUNSEL FAILED TO MOVE THE COURT TO QUASH THE INDICTMENT AT CRITICAL PRETRIAL STAGES DUE TO THE EVIDENCE SHOWING THAT A PLAINTIFF'S NAME WAS DIFFERENT IN THE EVIDENCE THAN IN THE INDICTMENTS CHARGES, AND APPELLATE COUNSEL FOR HIS FAILURE TO IDENTIFY THE GENUINE ISSUE IN THE APPELLATES BRIEF..

STANDARD OF REVIEW:

THE UNITED STATES SUPREME COURT AND THE FIFTH CIRCUIT COURT OF APPEALS FOR

17

HAVE CONSISTANTLY HELD THAT A CONSTRUCTIVE AMENDMENT OCCURES WHEN THE STATE GOVERNMENT OR COURT MATERIALLY ALTERS OR BROADENS THE ESSENTIAL LANGUAGE OF THE GRAND JURY'S CHARGE TO CONFORM TO THE VIEWS OF THE NECCESSITY OF THE CASE, IN WHICH THE STATE WILL OFFER PROOF.

IT HAS BEEN A LONG HELD PRINCIPLE OF OUR CRIMINAL JUSTCIE SYSTEM THAT: (1) THE DEFENDANT PUT TO TRIAL HAS THE RIGHT TO BE NOTIFIED OF THE CHARGES AGAINST HIM, BY A GRAND JURY INDICTMENT PRESENTED TO THE COURT, AND (2) AFTER THE INDICTMENT IS RETURNED AND THE TRIAL BEGINS, THE CHARGING LANGUAGE AND TERMS OF THE INDICTMENT MAY NOT BE ALTERED OR BROADENED, EXCEPT BY THE GRAND JURY ITSELF, BY RESUBMISSION OF THE CASE TO THE GRAND JURY, AND ANY SUCH INDICTMENT CHANGED IS VOID. SEE EX PARTE BAIN, 121 U.S. 1,7 S.Ct 781 (1887); STIRONE v. UNITED STATES, 361 U.S.212,90 S.Ct. 270 (1960); UNITED STATES v. ADAMS, 778 F.2d 1117 (5th Cir. 1085); EX PARTE SLEDGE, 391 S.W.3d 104,108 (TEX. CRIM. APP. 2003); EX PARTE McCAIN, 67 F.3d 204,207 n.6 (TEX. CRIM. APP. 2003).

IN THIS COURT'S REVIEW, BEING THAT IT IS NOT DEALING WITH MERE SNIVELING ISSUES, BUT RATHER ISSUES OF FUNDAMENTAL CHARACTER, A FAILURE TO CONSIDER THIS CLAIM WOULD RESULT IN A FUNDAMENTAL MISCARRIAGE OF JUSTCIE, THAT HAS ALREADY RESULTED FROM THE STATES UNCONSTITUTIONAL CONDUCT, THAT THE CONSTITUTIONAL ERROR HERE, HAS RESULTED IN THE JUDGMENT OF ONE WHO IS ACTUALLY INNOCENT, UNDER THE DOCTRINE OF COLEMAN, WHICH ENSURES THAT THE FEDERAL COURT'S GIVE THE PROPER RESPECT TO THIS FUNDAMENTAL RULE OF LAW IN QUESTION HEREIN. GLOVER v. CAIN, 128 F.3d 900,902. HERE, THE STATES FAILURE TO ADHERE TO THE FUNDAMENTAL RULE, WAIVED THE RIGHT TO TRY THE MOVANT:

(1) DID THE STATE PROSECUTOR CONSTRUCTIVELY AMEND THE INDICTMENTS CHARGINC NAME OF PATRICK LOFTIS, BY THE PRESENTING OF FACTS AND EVIDENCE SHOWING ANOTHER PERSON "GRAY WATSON" NOT CHARGED IN THE

18

19

RITY AND REPUTATION OF THE STATE AND THE COURT HAVE BEEN SERIOUSLY COMPROMISED UNDER OLANO, 507 U.S. 725,731, BECAUSE (1) THERE WAS ERROR OF FACT AND LAW THAT WAS CLEAR AND OBVIOUS; (2) THAT AFFECTED THE SUNSTANTIVE RIGHTS OF THE MOVANT, AND (3) THAT AFFECTED THE INTEGRITY AND REPUTATION OF THE PROCEEDINGS, AND THAT IF THE FACT WAS BROUGHT TO THE COURT'S ATTENTION WOULD HAVE RENDERED THE JUDG- MENT VOID, AND CHANGED THE OUTCOME OF THE PROCEEDINGS BECAUSE THE COURT COULD NOT HAVE ALLOWED THE JURY TO FIND GUILT BASED ON THAT FACT OR RENDERED A JUDG- MENT IN FAVOR OF THE STATE. A STRUCTURAL ERROR HAS RESULTED AND AN AUTOMATIC RE- VERSAL IS REQUIRED IN THIS CASE.

THE MOVANT'S COUNSEL'S PERFORMANCES WERE FUNDAMENTALLY DEFICIENT, BECAUSE HAD THEY COMPETENTLY BROUGHT SUCH SUBSATANTIVE ERROR TO THE COURT'S ATTENTION (TRIAL AND APPELLATE COURT'S) THERE WOULD NOT HAVE BEEN A JUDGMENT RENDERED, AS SUCH, BUT FOR THE DEFICIENT PERFORMANCE OF THE COUNSEL'S THE RESULTS OF THE PROCEED- INGS WOULD HAVE BEEN SIGNIFICANTLY DIFFERENT. SUCH PREJUDICE HERE SHOULD NOT GO UNNOTICED BY THEIS COURT IN ITS REVIEW AND DECISION.


CONCLUSION

WITH THE FACTS AND EVIDENCE BEING FIRMLY SECURED ON THE FACE OF THE RECORD AND IN FAVOR OF THE MOVANTS POSITION, THIS COURT SHOULD HAVE NO DIFFICULTIES IN HOLDING THAT THE MOVANT IS INFACT ENTITLED TO THE RELIEF SOUGHT AS A MATTER OF LAW, FOR THE WANT OF THE STATE OVER THE SUBJECT-MATTER OFFENSE THE PLAINTIFF'S PERSON AS NAMED IN THE INDICTMENT, BEING EVEIDENCE WAS OFFERED SHOWING THAT THE PERSON NAMED DID NOT CONFORM TO THE EVIDENCE OFFERED AND FOR THE WANT OF A VALID "PROBABLE CAUSE AFFIDAVIT," IN WHICH TO PROSECUTE THE MOVANT.

RELIEF

20

20

1. VACATE THE JUDGMENT'S OF THE TRIAL AND APPELLATE COURT'S AND ORDER A REMAND, ORDERING THE CHARGES TO BE DIMISSED WITH PREJUDICE, FOR THE STATES WANT OF JURISDICTION, AND

2. ORDER THE MOVANT RETURNED TO THE STATE APPELLATE COURT'S JURISDICTION FOR A OUT-OF-TIME APPEAL WITHIN 30 DAYS, AND IF NOT ORDER HIM RELEASED FROM CUSTODY.

WHEREFORE, ALL PREMISES CONSIDERED IN THIS CASE, THE MOVANT RESPECTFULLY ORGES THIS HONORABLE COURT GRANT HIS WRIT OF ERROR CORAM NOBIS AND THE RELIEF SOUGHT, IN THE INTEREST THAT JUSTICE BE SERVED AS A MATTER OF DUE COURSE.

RESPECTFULLY SUBMITTED
WILLIE RAY #12110691
POWLEDGE UNIT
1400 FM 3452
PALESTINE TX. 75803

DECLARATION

I HEREBY DECLARE THAT THE FOREGOING INFORMATION IS TRUE AND CORRECT UNDER PENALTY OF PERJURY. AND HAS BEEN SERVED ON THE FOLLOWING PARTIES ON.

EXECUTED THIS _23_ DAY OF MARCH. 2015

DECLARANT SIGNATURE

TEXAS COURT OF CRIMINAL APPEALS
P.O. BOX 12548, CAPITAL STATION
AUSTIN TEX. 78711

21

21

SMITH COUNTY DISTRICT ATTORNEY'S OFFICE
100 N. BROADWAY, 4th Fl.
TYLER TX. 75702

SMITH COUNTY DISTRICT CLERKS OFFICE
FOR THE 7th JUDICIAL COURT OF SMITH
COUNTY TEXAS
100 N. BROADWAY, RM 204
TYLER TX. 75702

CC FILE

EXHIBIT-A

1 AND 2

## STATEMENT

**THE STATE OF TEXAS**
**COUNTY OF SMITH**

CASE # _03-3573_

Before me, the undersigned authority, on this __20__ day of __January__, A.D., __2003__, personally appeared __Officer Mims__, who after being by me duly sworn, deposes and says: My name is __Gwendoyln young__ and I am __45__ years of age. I was born on __1-27-57__ I have a __TX__ driver's license numbered __1123951__. I live at __901 ½ Brittan st__ in __Tyler__, __Smith__ County, Texas, phone number __535-9407__ and can also be reached at phone number __595-4349__. I have __12__ years of education and do read write and understand the English language. I have been informed by __Officer Mims__ of the Tyler Police Department that under the Penal Code of the State of Texas Section 37.08: A person commits the offense of False Report to a Peace Officer if, with intent to deceive, a person knowingly makes a false statement to a peace officer conducting a criminal investigation and the statement is material to the investigation.

CX

This is the Statement of Gwendoyln young as told to me, because she is unable to write it. On 1-19-03 about 11:20 pm She and Patrick Loftis were a sleep in the bed room. She said she looked up and saw Willie Earl Ray standing at her bed room door. Willie told patrick to leave. Gwendoyln said she jumped up and started putting her close on. Patrick jumped up and grabbed his clothes. Willie then walked toward patrick waving a knife. Willie then swung the knife at patrick cutting him across the chest. Gwendoyln said willie then started punching on her causing swelling to her face and head. Willie then left the house. Patrick asked Gwendoyln to take him to the hospital. Gwendoyln Said no. Patrick then drove off going to the hospital CX

_Gwen Young_

Subscribed and sworn to before me, the undersigned authority, on this the __20th__ day of __January__ A.D., __2003__.

_J. Mh_
Peace Officer, Smith Co., Texas

00005

24

**VOLUNTARY
STATEMENT OF:** Gwendolyn Young

CY This is the truth to the best of knowledge. I will testify in court. CY

6X

6X

6X

6X

Subscribed and sworn to before me, the undersigned authority, on this the 2o day of JANUARY A.D., 203 .

0000

Peace Officer, Smith Co., Texas

25

## THE STATE OF TEXAS
## COUNTY OF SMITH

Before me, the undersigned authority, on this 21 day of JANUARY, A.D., 2003, personally appeared PATRICK LOFTIS, who after being by me duly sworn, deposes and says:

My name is PATRICK LOFTIS and I am 34 years of age. I was born on 07-11-68. I have a TX ~~driver's license~~ IDENTIFICATION numbered 15518873. My Social Security number is 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. I live at 23088 CR 422 in LINDALE, SMITH County, Texas, phone number 881-0225 and can also be reached at phone number _____. I have 12 years of education and do read write and understand the English language. I have been informed by DENNIS MATHEWS of the Tyler Police Department that under the Penal Code of the State of Texas Section 37.08: A person commits the offense of False Report to a Peace Officer if, with intent to deceive, a person knowingly makes a false statement to a peace officer conducting a criminal investigation and the statement is material to the investigation.

PL THIS STATEMENT IS BEING WRITTEN BY DENNIS MATHEWS FOR PATRICK LOFTIS ON 01-19-03. AT ABOUT 1:00 PM I WAS AT GWENDOLYN YOUNKS RESIDENCE, LOCATED AT 901 1/2 S. BRITTON. WE WERE IN THE BED, AND I WAS ASLEEP, AND WHEN I WOKE UP THE BEDROOM LIGHTS WERE ON AND A BLACK MALE, LATER IDENTIFIED AS WILLIE RAY, WAS STANDING AT THE FOOT OF THE BED. W. RAY TOLD ME TO GET SAYING "I OUGHT TO KILL YOU", SO I GOT UP AND PUT MY PANTS ON AND W. RAY STEPPED TOWARD ME AND CUT ME ACROSS MY CHEST WITH A KNIFE. I SAW THE KNIFE IN HIS HAND AFTER HE CUT ME AS HE WAS STEPPING BACK. THE KNIFE APPEARED TO BE A SMALL POCKET KNIFE WITH A FAT BLADE ON IT. W. RAY THEN WENT TOWARDS THE DOOR, AND I WAS ALSO GOING TOWARDS THE DOOR TRYING TO GET OUT OF THE BEDROOM I THEN GOT INTO MY CAR AND DROVE TO MOTHER FRANCIS HOSPITAL. W. RAY CUT ME ACROSS THE TOP PART OF MY CHEST, CUTTING MY MUSCLE AND FATTY TISSUE. THIS INJURY PL

I have read this statement which consists of 2 page(s). I agree that this statement is true and correct to the best of my knowledge. I will testify to such in court if necessary.

x _Patrick Loftis_

Subscribed and sworn to before me, the undersigned authority, on this the 21 day of January A.D., 2003.

_Dec. M L_
Peace Officer, Smith County, Texas

STATEMENT OF: Patrick Loftis

PL CAUSED ME SERIOUS BODILY INJURY, AND I HAD TO BE STAPLED UP AT THE HOSPITAL. I POSITIVELY IDENTIFIED W. RAY, FROM A PHOTO-LINE UP, AS BEING THE PERSON WHO ASSAULTED ME. I WOULD LIKE TO PRESS CHARGES AGAINST W. RAY.

I HAVE LOST THE ABILITY TO RAISE MY ARMS OVER MY SHOULDERS, AND I HAVE A LOT OF PAIN IN MY CHEST. PL

I have read this statement which consists of __2__ page(s). I agree that this statement is true and correct to the best of my knowledge. I will testify to such in court if necessary.

x _Patrick Loftis_

Subscribed and sworn to before me, the undersigned authority, on this the _21_ day of _JANUARY_ A.D., _2003_.

_____
Peace Officer, Smith County, Texas

0000

27



# INDICTMENT

Page_____of_____

001-0396-03

| | | |
|---|---|---|
| THE STATE OF TEXAS | IN THE | 7th DISTRICT COURT OF |
| VS | | SMITH COUNTY, TEXAS |
| WILLIE RAY | | 1315005 |
| CHARGE: Aggravated Assault | ARTICLE: 22.02 | FI CONTROL #: 03-01263 |

## IN THE NAME AND BY THE AUTHORITY OF THE STATE OF TEXAS:

THE GRAND JURORS, duly selected, organized, sworn and impaneled as such for the County of Smith, State of Texas, at the January - June Term, 2003, of the 7th Judicial District Court in and for said County, a quorum thereof being present, upon their oaths present in and to said Court that on or about the 19th day of January, 2003, and anterior to the presentment of this Indictment, in the County of Smith and State of Texas, WILLIE RAY did then and there intentionally, knowingly, or recklessly cause bodily injury to Patrick Loftis by cutting Patrick Loftis, and the defendant did then and there use or exhibit a deadly weapon, to-wit: a knife, during the commission of said assault.

And it is further presented in and to said Court that during the commission of each of the above described felony offenses, the said WILLIE RAY did use and exhibit a deadly weapon, to-wit: a knife, that in the manner of its use and intended use was capable of causing death and serious bodily injury;

And it is further presented in and to said Court that, prior to the commission of the aforesaid offense, WILLIE RAY on the 7th day of March 1990, in cause 7-89-47 in the 7th District Court of Smith County, Texas, the defendant was convicted of the felony offense of Burglary of a Habitation;

And it is further presented in and to said Court that, prior to the commission of the primary offense, and after the conviction in cause number 7-89-47 was final, the defendant committed the felony offense of Unlawful Possession of a Firearm by a Felon and was convicted on the 26th day of February, 1996, in cause number 7-95-584, in the 7th District Court of Smith County, Texas.

AGAINST THE PEACE AND DIGNITY OF THE STATE.

Foreman of the Grand Jury

28

THE STATE OF TEXAS

COUNTY OF SMITH



I, Lois Rogers, Clerk of the District Court within and for the County and State aforesaid, do hereby certify that the foregoing contains a true and correct copy of the Indictment in Cause No._____, of the State of Texas vs_____ as now on file in this office.

IN TESTIMONY WHEREOF I hereto set my hand and seal, this_____day of_____, A.D. 20_____

By_____
Deputy

LOIS ROGERS
Clerk of the District Court
Smith County, Texas

NO._____

THE STATE OF TEXAS

VS

INDICTMENT

OFFENSE:

Jack Skeen, Jr.
Criminal District Attorney
Smith County, Texas

A TRUE BILL

Foreman of the Grand Jury

AMOUNT OF BAIL: $_____

File this_____ day of_____

20_____

LOIS ROGERS
Clerk of the District Court
Smith County, Texas

BY:_____
Deputy

WITNESSES

**29**

| | | |
|---|---|---|
| STATE OF TEXAS | § | IN THE 7TH JUDICIAL |
| VS. | § | DISTRICT COURT OF |
| WILLIE RAY | § | SMITH COUNTY, TEXAS |

## JUDGMENT OF CONVICTION
## PLEA OF NOT GUILTY-JURY, PUNISHMENT BY THE JURY

**Judge Presiding:** Kerry L. Russell          **Date of Judgment:** September 11, 2003

**Attorney for the State:** Breet Harrison

**Attorney for the Defendant:** Curt Ellis

**Offense Convicted of:** Aggravated Assault

**Degree:**       First (1st)          **Date Offense Committed:** 01-19-03

**Charging Instrument:** Indictment.

**Terms of Plea Bargain:** N/A

**Plea to Enhancement Paragraph(s):**   True

**Finding on Enhancement(s):** True

**Findings on Use of Deadly Weapon:** True to-wit: a firearm

**Date Sentence Imposed:** 09/13/03          **Date to Commence:** 09-13-03

**Punishment and Place of Confinement: Forty-five (45) years TDCJ-ID**

**Time Credit:**   220 days          Court Costs: $ 273.00   does not include attorney fees

**Total Amount of Restitution/Preparation** $_____
**RESTITUTION TO BE PAID TO:** _____

*Concurrent Unless Otherwise Specified:*

On the 9th day of September, A. D., 2003, this cause was called for Trial. Thereupon appeared in open court the State of Texas by its Assistant Criminal District Attorney, Brett Harrison, and the Defendant, WILLIE RAY in person, together with his Counsel, Curt Ellis. Thereupon both parties announced ready for trial. Thereupon a Jury of good and lawful person, to-wit: Ken Dunn, Foreman, and eleven others, was duly selected, impaneled and sworn. The Defendant, WILLIE Ray, in open court, pleaded NOT GUILTY to the charge contained in the Indictment herein. The jury after having heard the evidence submitted, and having been duly charged by the Court, retired in charge of the proper officer, the Defendant and his counsel being present, and in due form of law returned into open Court a verdict that the Defendant was Guilty as charged in the Indictment, which was received by the court, and is here now entered upon the minutes of the court, the said verdict being as follows: "We, the Jury, find the Defendant Guilty as charged in the Indictment. /s/ Ken Dunn, Foreman. Whereupon, the Defendant having duly and timely elected to have his punishment affixed by the Jury, after punishment hearing held on 11th day of September, 2003, the Jury assessed the Defendant's punishment at a fine of $.0 and Forty-five (45) years confinement in the Texas Department of Criminal Justice - Institutional Division with credit for time served.

**30**

IT IS THEREFORE CONSIDERED, ORDERED AND ADJUDGED by the Jury that the Defendant WILLIE RAY is Guilty of the Offense of Aggravated Assault a felony, as charged in the Indictment herein, as found by the Jury, and that he be punished by a fine of $ 0 and Forty-five (45) years confinement in the Texas Department of Criminal Justice - Institutional Division with credit for time served, and the State of Texas did have and recover of the said defendant all costs of this prosecution expended, for all of which let execution issue, and that the said defendant be remanded to await further orders of the court herein.

Appeal:



**Right Thumb**

FIELD (JUDGE), Presiding Judge
7th Judicial District Court
Smith County, Texas

9-12-03

Date Signed

31

CAUSE NO. _OO7-0396-__

THE STATE OF TEXAS

VS.

Willie Ray

§
§
§
§
§
§

IN THE 7TH JUDICIAL

DISTRICT COURT OF

SMITH COUNTY, TEXAS

# TRIAL COURT'S CERTIFICATION OF DEFENDANT'S RIGHT OF APPEAL

I, **KERRY L. RUSSELL**, certify this criminal case:

☑ is not a plea-bargain case, and the Defendant has the right of appeal. (or)

☐ is a plea-bargain case, but matters were raised by written motion filed and ruled on before trial and not withdrawn and waived, and the Defendant has the right of appeal. (or)

☐ is a plea-bargain case, but the trial court has given permission to appeal, and the Defendant has the right of appeal. (or)

☐ is a plea-bargain case, and the Defendant has **NO** right of appeal. (or)

☐ the Defendant has waived the right of appeal.

Honorable Kerry L. Russell
Judge, 7th Judicial District Court
Smith County, Texas

_10-10-03_
**Date Signed**

I, have received a copy of this certification:

**Defendant** (*if not represented by counsel*)
Mailing address:

_____

Telephone No. _____
Fax No. (if any) _____

**Defendant's Counsel**
State Bar of Texas ID # _OO789980_
Mailing Address:
_121 S. Broadway Ste. 823_
_Tyler, Tx. 75702_
Telephone No. _(903) 593-8040_
Fax No. (if any) _(903) 593-5799_

32



Smith County Courthouse
100 N. Broadway, Room 204
Tyler, Texas 75702

# Lois Rogers
## Smith County District Clerk

(903) 590-1675
Fax (903)590-16613
TTY/TDD (903) 535-0675

April 08, 2015

WILLIE RAY
Powledge Unit #1210691
1400 Fm 3452
Palestine, Texas 75803

Re:     Cause No.:  007-0396-03-B

Your Writ of CORM NOBIS has been <u>not processed</u>. It is this day being forwarded to the Court of Criminal Appeals in Austin.

This letter should be kept with your records.

Sincerely,

Lois Rogers, Smith County District Clerk

By: _____
      Linda Ruth Rhymes, Deputy

**33**

# WAIVER OF SERVICE

I, LINDA RHYMES, received the Writ of Coram Nobis that was filed in the  District Clerk's Office  on the 27**th** day of **March**, **2015.**

It was hand delivered to the District Attorney's Office on the

**27th** day of **MARCH, 2015**.

File Name: **RAY, WILLIAM JEROME**

Cause No.: **007-0396-03**

Writ No.: **007-0396-03-B**

_____
Delivered By

_____
Delivered To

Office of the District Clerk
Smith County Courthouse
100 North Broadway
Tyler, Texas 75710

**34**



Smith County Courthouse
100 N. Broadway, Room 204
Tyler, Texas 75702

# Lois Rogers
## Smith County District Clerk

(903) 590-1675
Fax (903)590-16613
TTY/TDD (903) 535-0675

April 08, 2015

WILLIE RAY
Powledge Unit #1210691
1400 Fm 3452
Palestine, Texas 75803

Re:    Cause No.:  007-0396-03

Your Writ of CORM NOBIS has been <u>not processed</u>. It is this day being forwarded to the Court of Criminal Appeals in Austin.

This letter should be kept with your records.

Sincerely,

Lois Rogers, Smith County District Clerk

By: _____
Linda Ruth Rhymes, Deputy

**35**

CRIMINAL DOCKET - CAUSE NO. 007-0396-03

| NAMES OF PARTIES | ATTORNEYS | | OFFENSE | DATE OF FILING |
|---|---|---|---|---|
| THE STATE OF TEXAS | JACK SKEEN, JR. - STATE | | AGGRAVATED ASSAULT - (F-1) | 03-06-03 |
| VS. | CURT ELLIS 9A @ jail | | Offense Date: 01-19-03 Arrest Date: 02-04-03 | x |
| WILLIE RAY B/M DOB: 05-16-68 SMITH COUNTY JAIL TYLER, TX. 75702 | | | BOND AMT: $25,000.00 W/CONDITIONS BOND CO.: | INFORMATION: |

| DATE OF ORDERS Month/Day/Year | ORDERS OF THE COURT | MINUTE BOOK VOL. | PAGE |
|---|---|---|---|
| 03-06-03 | INDICTMENT | | |
| 03-18-03 | GRAND JURY MINUTES | N2 | 328-332 |
| 03-18-03 | ORDER OF TRANSFER | N2 | 333-334 |
| 03-18-03 | ORDER OF TRANSFER | N2 | 335-336 |
| 03 20 03 | CAPIAS AND PRECEPT ISSUED | | |
| 03 28 03 | Conditions of bond | N2 400 |  |
| APR - 1 2003 | Case ordered set for arraignment 4/18/03 at 1:30. Case ordered set for 4/28/03 at 1:30. | N2 90 |  |
| | Case ordered set for plea/trial 4/9/03 at 9:00. | | |
| 3 28 03 | Capias ser. TDA 3-21-03 | | |
| APR 2 8 2003 | Defendant identified and arraigned. Pleads Not Guilty. | | |

36

| DATE OF ORDERS Month/Day/Year | ORDERS OF THE COURT | MINUTE BOOK VOL. | PAGE |
|---|---|---|---|
| MAY 1 9 2003 | Prosecutor _____; Court Reporter _____ This date the Court called case for TRIAL. The State appeared and announced (READY) (NOT READY) (PLEA) or announced that the State will submit a Motion to Dismiss & Order of Dismissal. The Defendant and Counsel appeared and announced (READY) (NOT READY) (PLEA), or Attorney _____ made an announcement for the attorney of record. In open court the Court rescheduled case for (TRIAL) (PLEA) until _____ @ _____ .m. - parties notified. | | |
| 5 19 03 | 6/10 on A's mtn for Continuance | $\cancel{13}$ | 389 |
| 04 03 | 6/10 A's Motion to Disclose Criminal Record of Witness | $\cancel{13}$ | 390 |
| 07 2003 | Prosecutor _____; Court Reporter _____ This date the Court called case for TRIAL. The State appeared and announced (READY) (NOT READY) (PLEA) or announced that the State will submit a Motion to Dismiss & Order of Dismissal. The Defendant and Counsel appeared and announced (READY) (NOT READY) (PLEA) or Attorney _____ made an announcement for the attorney of record. In open court the Court rescheduled case for (TRIAL) (PLEA) until 7/21/03 @ 10:00 .m. - parties notified. | | |
| 7 1 03 | Granting A's mtn for Continuance | | |
| JUL 2 1 2003 | Prosecutor S. Rosekrans Court Reporter G. Compton This date the Court called case for TRIAL. The State appeared and announced (READY) (NOT READY) (PLEA) or announced that the State will submit a Motion to Dismiss & Order of Dismissal. The Defendant and Counsel appeared and announced (READY) (NOT READY) (PLEA) or Attorney _____ made an announcement for the attorney of record. In open court the Court rescheduled case for (TRIAL) (PLEA) until 7/28/03 @ 10:00 .m. - parties notified. | | |

| NAMES OF PARTIES | ATTORNEYS | OFFENSE | DATE OF FILING | MINUTE BOOK VOL. PAGE |
|---|---|---|---|---|
| THE STATE OF TEXAS | JACK SKEEN, JR. - STATE | | | |
| VS. | | | | |
| [name] | Curt Olld, C/A | [offense] .00 | | |

## ORDERS OF THE COURT

| DATE OF ORDERS Month/Day/Year | ORDERS OF THE COURT |
|---|---|
| AUG – 4 2003 | Prosecutor. B. Harrison ; Court Reporter. G. Compton — Oral M/Cont. Δ atty — grandmother is in hospital. This date the Court called case for TRIAL. The State appeared and announced (READY) (NOT READY) (PLEA) or announced that the State will submit a Motion to Dismiss & Order of Dismissal. The Defendant and Counsel appeared and announced (READY) (NOT READY) (PLEA) or Attorney _____ made an announcement for the attorney of record. In open court, the Court reset/scheduled case for (TRIAL) (PLEA) until 9 / 3 / 03 @ 10:00 a.m. - parties notified. |
| SEP – 2 2003 | Prosecutor. B. Harrison ; Court Reporter. G. Compton — A to file M/Cont. — Δ witness sworn: Veronica Randle This date the Court called case for TRIAL. The State appeared and announced (READY) (NOT READY) (PLEA) or announced that the State will submit a Motion to Dismiss or Order of Dismissal. The Defendant and Counsel appeared and announced (READY) (NOT READY) (PLEA) or Attorney _____ made an announcement for the attorney of record. In open court, the Court reset/scheduled case for (TRIAL) (PLEA) until 9 / 8 / 03 @ 10:00 a.m. - parties notified. |
| 9  4  03  56 | Defendants M/Continuance |

| DATE OF ORDERS Month/Day/Year | | | ORDERS OF THE COURT | MINUTE BOOK VOL. | PAGE |
|---|---|---|---|---|---|
| 9 | 8 | 03 | Prosecutor: B. Hanson ; Court Reporter: Compton ~~This date the Court called case for TRIAL. The State appeared and announced (READY) (NOT READY) (PLEA) or announced that the State will submit a Motion to Dismiss & Order of Dismissal. The Defendant and~~ Counsel appeared and announced (READY) (NOT READY) (PLEA) or Attorney _____ made an announcement for the attorney of record. In open court, the Court rescheduled case for (TRIAL) (PLEA) until 9/9/03 @ 8:30 a.m. - parties notified. | | |
| 9 | 9 | 03 | Prosecutor: B. Harrison ; Court Reporter: Compton This date the Court called case for TRIAL. The State appeared and announced (READY) ~~(NOT READY) (PLEA) or announced that the State will submit a Motion to Dismiss & Order of Dismissal. The Defendant and Counsel appeared and announced (READY) (NOT READY) (PLEA) or Attorney _____ made an announcement for the attorney of record. In open court, the Court rescheduled case for (TRIAL) (PLEA) until _____ @ _____ m. - parties notified.~~ | | |
| 9 | 9 | 03 | S/D granting T's M/limine | | |
| 9 | 9 | 03 | S/D granting T's 2nd M/limine | | |
| 9 | 9 | 03 | S/D granting Δ's M/limine | | |
| 9 | 9 | 03 | S/D granting T's M/fingerprint the Δ | | |
| 9 | 9 | 03 | Δ's electing to have Jury assess punishment | | |
| 9 | 9 | 03 | State & D. woman ready; Jury Panel brought in; Voir Dire; Parties; rules strikes; Jury selected; sworn + impaneled. Such recess; Remaining Jury Panel discharged; D. reserved her right for later; State's opening; Δ reserved his right for later; State states evidence w/ 2 witnesses (Fernandez + Det. Dennis Matthews) |  | 39 |

CAUSE NO. 007-0396-03

Willie Ray

| DATE OF ORDERS Month/Day/Year | | | ORDERS OF THE COURT | MINUTE BOOK VOL. | PAGE |
|---|---|---|---|---|---|
| 9 | 10 | 03 | State & Δ present & trial continued; State Rests & puts Δ upon stand (after Court admonished Δ outside of presence of jury of 5th Amd Rights not to testify & of her rights) & Δ rests & orders Close; Court Recesses & adjourns Close arguments deferred mng @ 9am  ___ L. Kennell | | |
| 9 | 11 | 03 | Constable Choze Conferences & Choze Rudd; State & Δ do closing argument; Jury deliberates & returns guilty verdict of Agg. Assault; Recess for lunch; trial resumes for punishment Place; State rests; Δ offers evidence; Both sides rest; Close Charge Conference & Charge read to Jury; Both sides Close Charge Arg.; Jury deliberates; Jury returns verdict of 45 years; Δ sentenced to 45 years; Court Sentences the Δ to 45 years; TDC & Court ___  ___ L. Kennell | | |
| 9 | 19 | 03 | State ___ Awarding Court 300 costs to ___ ___ | | |

CAUSE NO. _____

| DATE OF ORDERS Month/Day/Year | | | ORDERS OF THE COURT | MINUTE BOOK VOL. PAGE | |
|---|---|---|---|---|---|
| 10 | 6 | 03 | Notice of Appeal | | |
| 10 | 7 | 03 | Order Appointing Kurt Noell as Counsel for Appeal | | |
| 10 | 23 | 03 | Request for Clerk's Record for Appeal | | |
| 11 | 19 | 03 | RPR Sent | | |
| 11 | 21 | 03 | RPR Pack Rec'd | | |
| 9 | 31 | 04 | Mandate - (unreadable things) Affirmed | | |
| 11 | 27 | 12 | Slo Denying Defendant's Petition for Reformation of Judgment | | |
| 1 | 14 | 13 | Slo Denying Motion for Court-Appointed Appeal Counselor | | |
| 3 | 7 | 13 | Sent letter to def, NO Cost for NOA sent to 1st cora | | |



Smith County Courthouse
100 N. Broadway, Room 204
Tyler, Texas 75702

# Lois Rogers
## Smith County District Clerk

(903) 535-0666
Fax (903) 535-0683
TTY/TDD (903) 535-0675

I, Lois Rogers, Clerk of the 7TH JUDICIAL DISTRICT COURT of Smith County, Texas, do hereby certify that the documents contained in this record to which this certification is attached are all of the documents specified by Texas Rule of Appellate Procedure 34.5(a) and all other documents timely requested by a party to this proceeding under Texas Rule of Appellate Procedure 34.5(b).

Given under my hand and seal at my office in Tyler, Smith County, Texas this 8th day of April ,2015 .

Lois Rogers, Smith County District Clerk

BY: /S/ LINDA RHYMES
Deputy, LINDA RHYMES



Smith County Courthouse
100 N. Broadway, Room 204
Tyler, Texas 75702

# Lois Rogers
## Smith County District Clerk

(903)590-1662
Fax (903) 590-1661
TTY/TDD (903) 590-1673

In the  7TH JUDICIAL DISTRICT COURT   Court of Smith County,

Texas, the Honorable,   KERRY L. RUSSELL   Judge

Presiding, the following proceedings were held and the following

instruments and other  papers were filed in this cause, to wit:


Trial Court Cause No.  007-0396-03

Trial Court Writ No. 007-0396-03 - B

Ex Parte

WILLIE RAY